UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE CO.,<br>450 Plymouth Meeting Road<br>Plymouth Meeting, PA 19462<br><br>               **Plaintiff**<br>v.<br><br>COMMERCIAL SHUTTLE SERVICE, INC.<br>P.O. Box 50575<br>Albany, GA 31793<br><br>and<br><br>JOHN GREENE TRANSPORTATION CO.<br>3305 S. Washington Avenue<br>Titusville, FL 32714<br><br>and<br><br>PATTERSON FREIGHT SYSTEMS, INC.<br>3108 Central Drive<br>Plant City, FL 33567<br><br>and<br><br>HOLLAR & GREENE PRODUCE CO., INC.<br>P.O. Box 3500<br>Boone, NC 28607<br><br>and<br><br>WINTERHAVEN TRANSPORTATION<br>SERVICES, INC.<br>2515 Winterfield Drive<br>Gastonia, NC 28056-8634<br><br>               **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **COMPLAINT IN INTERPLEADER**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## I. INTRODUCTION

1. Plaintiff, Liberty Mutual Insurance Company (LMIC) issued a Property Broker's Surety Bond No. 018-005-737 (Bond) on behalf of defendant, Winterhaven Transportation Services, Inc. (Winterhaven), as principal, pursuant to 49 U.S.C. § 13906.

2. LMIC has received multiple adverse claims against the Bond, which claims in the aggregate exceed the penal sum of the Bond. Accordingly, by this action, LMIC seeks relief in statutory interpleader pursuant to 28 U.S.C. §1335.

3. In partial consideration for the issuance of the Bond, Winterhaven agreed to indemnify and hold harmless LMIC from any damages, losses, costs, and expenses, including attorneys fees, resulting from the issuance of the Bond.

4. As a sole and proximate result of issuing the Bond, LMIC has suffered damages, losses, costs and expenses, including attorneys fees, and LMIC seeks recovery of such damages, losses, costs and expenses from Winterhaven.

## II. JURISDICTION AND VENUE

5. Jurisdiction obtains under 28 U.S.C. §1335 and §1352 as more than two of the adverse claimants in this action, both designated as defendants, are of diverse citizenship, the penal sum of the bond is equal to or more than $500.00, and such bond was issued pursuant to the Interstate Commerce Act, a federal statute.

6. Venue is appropriate as the Bond was issued pursuant to the regulations of the United States Federal Highway Administration, which agency is located in Washington, D.C.

### III. PARTIES

7.  Plaintiff in interpleader, LMIC, is a Pennsylvania corporation with a principal place of business located at 450 Plymouth Road, Plymouth Meeting, Pennsylvania 19462.

8.  Defendant, Commercial Shuttle Service (Commercial), with a last-known mailing address of P.O. Box 50575, Albany, GA 31793, asserts a claim for unpaid freight bills totaling $130.00.

9.  Defendant, John Greene Transportation Company (Greene), with a last-known address of 3305 S. Washington Avenue, Titusville, FL 32714, asserts a claim for unpaid freight bills totaling $7,470.00.

10. Defendant, Patterson Freight Systems, Inc. (Patterson), with a last-known address of 3108 Central Drive, Plant City, FL 33570, asserts a claim for unpaid freight bills totaling $9,225.00.

11. Defendant, Hollar & Greene Produce Co., Inc., with a last-known mailing address of P.O. Box 3500, Boone, NC 28607, asserts a claim for unpaid freight bills totaling $1,980.00.

12. Defendant, Winterhaven, upon information and belief, is a North Carolina corporation with a principal place of business located at 2515 Winterfield Drive, Gastonia, NC 28056-8634.

### IV. STATEMENT OF FACTS

13. LMIC issued the Bond on behalf of Winterhaven on or about May 16, 2003, which bond was in effect until canceled by LMIC on May 15, 2005. A true copy of the Bond is attached hereto as Exhibit "A."

14. As required by Section 211c of the Interstate Commerce Act, the Bond was issued on behalf of Winterhaven for the benefit of any and all motor carriers or shippers to whom Winterhaven may be legally liable for the damages described in the Bond.

## V. COUNT ONE

### (Interpleader)

15. LMIC repeats each of the allegations of Paragraphs 1 through 14 inclusive of the Complaint in Interpleader.

16. Each of the claimant defendants has asserted a claim with LMIC against the Bond.

17. Each of those claims allegedly involved damages to motor carriers or shippers caused by Winterhaven while acting as a licensed broker of transportation within the period covered by the Bond.

18. These claims are adverse and conflicting and exceed the penal sum of the Bond.

19. LMIC is unable to determine the respective interests of the claimant defendants in the proceeds of the Bond and has no adequate remedy at law.

20. LMIC does not vouch for the validity of any of the claims asserted by the claimant defendants against the Bond and LMIC calls upon each of the claimant defendants to make proof of same before this Court.

21. Concurrent with the filing of this Complaint for Interpleader, LMIC has moved this Honorable Court for an Order allowing LMIC it to deposit into the Court Registry the sum of Ten Thousand Dollars ($10,000.00), representing the proceeds payable under the Bond.

## VI. COUNT II

### (Indemnity)

22. LMIC repeats each of the allegations of Paragraphs 1 through 21 inclusive of the Complaint in Interpleader.

23. In partial consideration for the issuance of the Bond by LMIC, Winterhaven agreed to indemnify and hold harmless LMIC from all claims, damages, losses, costs and expenses, including counsel fees, incurred by LMIC as a result of issuance of the Bond. A true copy of the written agreement of indemnity is attached hereto as Exhibit "B."

24. LMIC has incurred damages, losses, costs and expenses in connection with the Bond issued on behalf of Winterhaven.

25. Winterhaven breached its obligations to LMIC by failing to indemnify and hold harmless LMIC.

26. As a result of this breach, LMIC has been immediately and directly damaged in an amount to be determined, and is entitled to recover that amount, together with interest, costs, and attorneys' fees.

## VII. COUNT III

### (Common Law Indemnity)

27. LMIC repeats each of the allegations of Paragraphs 1 through 26 inclusive of the Complaint in Interpleader.

28. LMIC has acted as surety on behalf of Winterhaven in connection with the Bond, has expended funds in its capacity as surety, and has incurred losses, costs and expenses, including attorneys fees, as a result of issuing the Bond on behalf of Winterhaven.

29. As a result, LMIC is entitled to reimbursement from Winterhaven for the losses, costs, and expenses incurred by LMIC in connection with the Bond.

30. Accordingly, LMIC is entitled to judgment based upon its common law rights to reimbursement as a surety for Winterhaven.

## VIII.  REQUESTS FOR RELIEF

**WHEREFORE,** plaintiff, LMIC prays as follows:

1. As to Count I, that this Court issue process to all of the claimant defendants in the Complaint for Interpleader, citing them to appear and to plead their conflicting claims;

2. That this Court, in accordance with 28 U.S.C. § 2361 and in the exercise of this Court's general equitable powers, enter an Order restraining the claimant defendants and each of them and their respective officers, directs, employees, agents, servants, representatives, assigns, attorneys, and any other person acting or purporting to act for them with actual notice of the Court's Order from instituting or prosecuting any proceeding in any state court or United States District Court in any action affecting the Bond or the proceeds until further order of this Court;

3. That, upon hearing, the claimant defendants be required to interplead and settle between them;

4. That, upon motion to the Court, LMIC be discharged of all further liability;

5. That LMIC be awarded its reasonable attorneys' fees and court costs after adequate proof;

6. That LMIC's attorneys' fees and administrative costs be paid out of the proceeds of the Bond, such payment to be made prior to any award being made to any of the prevailing claimant Defendants;

7. As to Count II, that this Court enter judgment in favor of LMIC and against Winterhaven in an amount to be determined, but not less than LMIC's damages, losses, costs and expenses, including its attorneys' fees, less any credits due Winterhaven for the collateral posted with LMIC and less any amounts recovered by LMIC from the Bond proceeds;

8. As to Count III, that this Court enter judgment in favor of LMIC and against Winterhaven in an amount to be determined, but not less than LMIC's damages, losses, costs and expenses, including its attorneys' fees, less any credits due Winterhaven for the collateral posted with LMIC and less any amounts awarded to LMIC from the Bond proceeds;

9. That LMIC be granted such other and further relief as this Court may deem just and proper.

Respectfully submitted,

LIBERTY MUTUAL INSURANCE COMPANY,
By its attorneys:

Eric R. Stanco
(D.C. Bar No. 456896)
Stanco & Associates
126 C Street, N.W.
Washington, D.C. 20001
(202) 331-8822
(202) 331-9705 (facsimile)

# Ex. A

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. It is estimated that an average of 10 minutes per response is required to complete this collection of information, including time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Comments concerning the accuracy of this burden estimate or suggestions for reducing this burden should be directed to the Federal Highway Administration, 400 7th St., SW, Washington, DC 20590.

B.M.C. 84
(10/98)

Approved by OMB
2125-0570
Expires: 11/30/2001

FILER FHWA
ACCOUNT NO. 018-005-737

License No.
MC 460285

PROPERTY BROKER'S SURETY BOND UNDER 49 U.S.C. 13906

KNOW ALL MEN BY THESE PRESENTS, That we **Winterhaven Transportation Services, Inc.**
(Name of Property Broker)

of **2515 Winterfield Drive**   **Gastonia**   **NC**   **28056**
(Street) (City) (State) (Zip code)

as PRINCIPAL (hereinafter called Principal), and **Liberty Mutual Insurance Company**
(Name of Surety)

a corporation, or a Risk Retention Group established under the Liability Risk Retention Act of 1986, Pub. L. 99-563, created and existing under the laws of the State of **Massachusetts** (hereinafter called Surety) are held and
(State or District of Columbia)

firmly bound unto the United States of America in the sum of $10,000, for which payment, well and truly to be made, we bind ourselves and our heirs, executors, administrators, successors, and assigns, jointly and severally, firmly by these presents.

WHEREAS, the Principal is or intends to become a Broker pursuant to the provisions of Title 49 U.S.C. 13903, and the rules and regulations of the Federal Highway Administration relating to insurance or other security for the protection of motor carriers and shippers, and has elected to file with the Federal Highway Administration such a bond as will ensure financial responsibility and the supplying of transportation subject to the ICC Termination Act of 1995 in accordance with contracts, agreements, or arrangements therefore, and

WHEREAS, this bond is written to assure compliance by the Principal as a licensed Property Broker of Transportation by motor vehicle with 49 U.S.C. 13906(b), and the rules and regulations of the Federal Highway Administration, relating to insurance or other security for the protection of motor carriers and shippers, and shall inure to the benefit of any and all motor carriers or shippers to whom the Principal may be legally liable for any of the damages herein described.

NOW, THEREFORE, the condition of this obligation is such that if the Principal shall pay or cause to be paid to motor carriers or shippers by motor vehicle any sum or sums for which the Principal may be held legally liable by reason of the Principal's failure faithfully to perform, fulfill, and carry out all contracts, agreements, and arrangements made by the Principal while this bond is in effect for the supplying of transportation subject to the ICC Termination Act of 1995 under license issued to the Principal by the Federal Highway Administration, then this obligation shall be void, otherwise to remain in full force and effect.

The liability of the Surety shall not be discharged by any payment or succession of payments hereunder, unless and until such payment or payments shall amount in the aggregate to the penalty of the bond, but in no event shall the Surety's obligation hereunder exceed the amount of said penalty. The Surety agrees to furnish written notice to the Federal Highway Administration forthwith of all suits filed, judgements rendered, and payments made by said Surety under this bond.

This bond is effective the **16th** day of **May**, **2003**, 12:01 a.m., standard time at the address of the Principal as stated herein and shall continue in force until terminated as hereinafter provided. The Principal or the Surety may at any time cancel this bond by written notice to the Federal Highway Administration at its office in Washington, DC, such cancellation to become effective thirty (30) days after actual receipt of said notice by the FHWA on the prescribed Form BMC-36, Notice of Cancellation Motor Carrier and Broker Surety Bond. The Surety shall not be liable hereunder for the payment of any damages hereinabove described which arise as the result of any contracts, agreements, undertakings, or arrangements made by the Principal for the supplying of transportation after the termination of this bond as herein provided, but such termination shall not affect the liability of the Surety hereunder for the payment of any such damages arising as the result of contracts, agreements, or arrangements made by the Principal for the supplying of transportation prior to the date such termination becomes effective.

The receipt of this filing by the FHWA certifies that a Broker Surety Bond has been issued by the company identified above and that such company is qualified to make this filing under Section 387.315 of Title 49 of the Code of Federal

Falsification of this document can result in criminal penalties prescribed under 18 U.S.C. 1001.

IN WITNESS WHEREOF, the said Principal and Surety have executed this instrument on the 16th day of May, 2003.

PRINCIPAL

Name Winterhaven Transportation Services Inc

By _____
(Signature and Title) Donna S Amos

Witness _____
Sarah G Grigg

SURETY

Name Liberty Mutual Insurance Company [SEAL]

By _____
(Signature and Title) W.J. Terry Jr.

Witness _____
Sarah G Grigg

# Ex. B



**Liberty Bond Services**
Member of Liberty Mutual Group

JUN 02 2003
018-005-737

**Surety Application and Indemnity Agreement**
☑ Liberty Mutual Insurance Company
☐ _____

Individual    Partnership

Applicant's Full Name (If partnership, give names of partners, trade name) S.S. #
Winterhaven Transportation Services, Inc.    Tax ID or S.S.# 56-2210428

Business Address, in full    Corporation    LLC
2515 Winterfield Dr. Gastonia NC 28056

Residence Address _____

Have you or any partners been bankrupt or insolvent?  Yes  (No)  If yes, explain _____

Occupation  Truck Broker    Years in business  new / 17 years exper.
Any lawsuits, judgments, or liens against applicant?  Yes  (No)  If yes, explain _____

Type of bond required  Property Broker Surety    Bond Amount $10,000
Obligee's Full name, address  FMCSA; ~~~~~ 400 Virginia Ave Ste 600, Washing~
Has application for this bond been declined by another Surety?  Yes  (No)  If yes, state reason _____
Prior Surety    Yes  (No)  If yes, give name and reason for change _____

**License/Permit Bond**
Net Worth    General liability insurance carried?  Yes  No  Limits and company _____
              Property damage insurance carried?   Yes  No  Limits and company _____

**Probate Bond**
_____    Date of death _____
Legal name of deceased/ward _____
Date of appointment _____  Court and docket number _____
Will any business of the estate be continued by fiduciary?  Yes  (Attach a copy of court order)  No
Is applicant indebted to the estate or trust?  Yes  No
Assets of estate or trust (describe) _____
Name and age of    Minor    Incompetent _____
Applicant relationship to    Deceased    Ward(s) _____    Applicant's Net Worth _____
Are guardianship funds to be used for support of minor(s)?  Yes  No
(If yes, provide copy of court order authorizing monthly expenditures)
Name and address of attorney _____
Is this bond required on the demand of an interested person?  Yes  No  If yes, whom? _____
Will the attorney remain involved throughout the duration of the estate?  Yes  No
List the heirs of the estate along with their relationship and percentage (%) share: _____

**Lost Securities Bond** (Attach transfer agent's replacement procedures)
                                                                     Date of instrument _____
Type of security and registration number _____
Payable to applicant only?  Yes  No  If no, to whom is it payable? _____
Are securities endorsed?  Yes  No  If yes, how? _____
Has notice of loss been given?  Yes  No  When, to whom _____
Describe manner of loss _____
If registered, in whose name _____
If a check, has payment been stopped?  Yes  No  If so, when? _____
If deed of trust or note, has either been involved in a lawsuit?  Yes  No  Was a judgment obtained?  Yes  No

Agency Name  First United Insurance Group    Code: 018058
Agency Address  319 E. 3rd Ave, Gastonia NC 28053
Agent's Recommendation  I recommend - with Susan Jordan's Approv~

Rev. 1/0

LBS-7450    1/2

### Court Bond and Receiver/Trustee Bond

Explain purpose of bond (Submit copy of relevant documents) _____
Name and address of attorney _____
If an injunction or restraining order bond, does applicant anticipate foreclosure or collection action against him?   Yes   No
Name and address of bankrupt (debtor) _____
Nature of debtor's business _____ Court and docket number _____

### Indemnity Agreement

The undersigned (hereinafter called "Indemnitor") represents that all statements made in this Application are true and made without reservation to induce Liberty Mutual Insurance Company and any other company that is part of or added to the Liberty Mutual Group, severally not jointly, upon which surety business is underwritten by Liberty Bond Services (hereinafter called "Surety") to execute the requested Bond and any continuation or successor Bond (hereinafter called "Bond") upon its indemnity, and hereby agrees with Surety, its successors and assigns, as follows: (1) To pay premiums when due; (2) to deliver to Surety satisfactory evidence of the release of all liability under Bond; (3) To exonerate and indemnify Surety from and against all claims, losses, liability, damages of any type (including punitive), costs, fees, expenses, suits, orders, judgments, or adjudications whatsoever which Surety may incur in connection with Bond, any investigation on account of Bond, the defense or prosecution of any proceeding brought in connection with Bond or with any judicial proceeding referred to in this Application, enforcement of the agreements contained herein, and/or procurement of release from or cancellation of Bond; (4) That Surety shall have the right, at its sole discretion, to pay, adjust, settle or compromise any claim, suit or judgment upon Bond or in connection with any judicial proceeding referred to in this Application, and the voucher or other evidence of such payment, settlement or compromise, whether Surety was liable therefore or not, shall be prima facie evidence of the fact and extent of Indemnitor's liability; (5) To place Surety in funds immediately upon demand, the amount Surety deems necessary to protect itself from any liability, loss or expense, whether or not Surety has made payment or posted a reserve, Surety having the right to use all or part of these funds in payment or settlement of any liability, loss or expense for which Indemnitor is obligated hereunder, or in reimbursement to Surety for payment of same; (6) That Indemnitor hereby authorizes Surety to investigate statements made in this Application and to check credit with creditors and/or lending institutions, and further authorizes any present or former employer, or any other person, firm or corporation, to furnish information concerning Indemnitor in connection with the Surety's underwriting of Bond and Indemnitor's compliance with Bond and with obligations hereunder, and Indemnitor hereby releases any of the aforementioned from liability in consequence of furnishing or disclosing such information; (7) That separate suits may be brought to recover hereunder as causes of action shall accrue and the bringing of suit or recovery of judgment upon any cause of action shall not prejudice or bar the bringing of other suits upon other causes of action, whether heretofore or thereafter arising; (8) That it is expressly agreed by Indemnitor that any and all other rights which Surety may have or acquire against Indemnitor under other or additional agreements of indemnity or collateral shall be in addition to, and not in lieu of, the rights afforded Surety under this Agreement; (9) That if Surety executes Bond with cosurety or reinsures all or any part of Bond, all the terms of this Agreement shall apply and operate for the benefit of such cosurety and reinsurer, as their interests may appear; (10) That these covenants shall be jointly and severally binding upon Indemnitor, its respective heirs, executors, administrators, successors and assigns; (11) That Surety shall have the right to decline to issue or to cancel Bond at any time, free of claim for loss or damage by Indemnitor, and Surety shall be under no obligation to disclose its reasons therefore, the provisions of any law to the contrary being hereby waived; (12) That if Bond covers the replacement of lost securities, if said securities come under Indemnitor's control or possession, Indemnitor will, at its own cost, promptly deliver said securities to Surety; (13) That if Bond relates to assets of any estate, Indemnitor will provide full and free access to all records concerning the estate, and upon Surety's request, provide a written report of the condition of the estate.

Signed and dated this _16_ day of _May_, 20_03_

**Signatures:**

**Individual/Sole Proprietorship**

Name: _____
By: ✓

Witness _____                                 , Individual and Proprietor

**Partnership:**

Name: _____
By: _____
Witness _____                                 , Individually and as Partner
By: _____
Witness _____                                 , Individually and as Partner

**Corporation:**

Name: _____
Attest: _[signature]_, Secretary
By: _[signature]_, President

Individual and Supporting Indemnitor(s) sign here:    Witness' signatures:

_____  SS#    _____  SS#
_____  SS#    _____  SS#
_____  SS#    _____  SS#
_____  SS#    _____  SS#