UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
**LIBERTY MUTUAL INSURANCE CO.,**           )
                                            )
              **Plaintiff**                 )
                                            )
v.                                          )   Civil Action No. 1:06CV01376 (RJL)
                                            )
**COMMERCIAL SHUTTLE SERVICE, INC.,**       )
**JOHN GREENE TRANSPORTATION CO.,**         )
**PATTERSON FREIGHT SYSTEMS, INC.,**        )
**HOLLAR & GREENE PRODUCE CO., INC.,**      )
**and WINTERHAVEN TRANSPORTATION**          )
**SERVICES, INC.,**                         )
                                            )
              **Defendants.**               )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
AGREED MOTION FOR JUDGMENT**

### I. Introduction

Plaintiff in Interpleader, Liberty Mutual Insurance Company ("Liberty"), and Defendant in Interpleader, John Greene Transportation Company (Greene), being the only the parties who have appeared in this action (collectively, the "Movants"), submit this Memorandum in support of their Agreed Motion for Judgment and Exoneration, by which the parties seek the distribution of the proceeds of a Broker's Surety Bond ("Bond") previously deposited with the Court by Liberty, exoneration of Liberty from further liability on the Bond, and dismissal of this action with prejudice.

### II. Statement of Facts

Liberty issued the Bond on behalf of defendant, Winterhaven Transportation Services, Inc. (Winterhaven), as principal, pursuant to Section 211(c) of the Interstate Commerce Act. As required

by that statute, the Bond was issued on behalf of Winterhaven for the benefit of any and all motor carriers or shippers to whom Winterhaven may be legally liable for the damages described in the Bond.

Liberty subsequently received multiple adverse claims against the Bond, which claims involved damages to motor carriers or shippers allegedly caused by Winterhaven while acting as a licensed Broker of Transportation within the period covered by the Bond.

The total amount of the claims received by Liberty exceeded the penal sum of the Bond, and Liberty was unable to determine the respective interests of the claimants in the proceeds of the Bond. Accordingly, Liberty filed the above-captioned action seeking, *inter alia*, relief in statutory interpleader under 28 U.S.C. § 1335, and subsequently deposited the Bond proceeds in the amount of $10,000.00 with the Court Registry.

Thereafter, Liberty served process upon the defendants. Defendant, Greene answered and counsel appeared on its behalf. The remaining defendants, Commercial Shuttle Service, Inc. (Commercial), Patterson Freight Systems, Inc. (Patterson), and Hollar & Greene Produce Co., Inc. (H&G) did not answer or otherwise respond to the action, and the Clerk entered the defaults of those defendants upon the docket.

In addition, the Bond principal, Winterhaven, also has been defaulted, and Liberty, by separate motion, has requested entry of default judgment against Winterhaven.

## II. Argument

By this Motion, Liberty and Greene ask the Court to distribute the Bond proceeds by paying the claims of the sole appearing defendant in full and returning the remainder of the Bond proceeds to Liberty. The amount of the bond proceeds deposited with the Court Registry was $10,000.00.

Greene's claims total $4,620.00. Accordingly, the parties propose that Greene be paid that amount and that the rest and remainder of the Bond proceeds, including any accumulated interest, be returned to Liberty.

The parties also request, upon distribution of the Bond proceeds, that Liberty be exonerated and the case dismissed with prejudice. All of the claimants on the Bond were named as defendants in this action, and the defendants that failed to appear have been defaulted. Upon distribution of the Bond proceeds, Liberty's liability on the Bond will have been completely settled.

Liberty, as plaintiff in interpleader, deposited the entire penal sum of the Bond into the Registry of the Court in good faith and without reservation of any rights against the deposited funds. Liberty has asserted no contrary claim to the disputed portion of the Bond proceeds and should be dismissed from further liability under the Bond. *See Mutual Insurance Company v. Eckmen*, 555 F.Supp. 775, 777 (D.C. Del. 1983) *citing Rosenberger v. Northwestern Mutual Life Insurance Company*, 176 F.Supp. 379, 385 (D.C. Kan. 1959).

### III. Conclusion

For the foregoing reasons, the parties' Motion should be granted and the Bond proceeds be distributed and Liberty exonerated.

Respectfully submitted,

LIBERTY MUTUAL INSURANCE COMPANY,
By its attorneys:

_____
Eric R. Stanco
(D.C. Bar No. 456896)
Stanco & Associates
126 C Street, N.W.
Washington, D.C. 20001
(202) 331-8822
(202) 331-9705 (facsimile)

JOHN GREENE TRANSPORTATION COMPANY,
By its attorneys:

_____
John T. Husk, Esquire
(D.C. Bar No. 434714)
Seaton & Husk, L.P.
2240 Gallows Road
Vienna, VA  22182
(703) 573-0700
(703) 573-9786 (facsimile)