UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
**LIBERTY MUTUAL INSURANCE CO.,**           )
                                            )
       **Plaintiff**                 )
                                            )
v.                                          )   Civil Action No. 1:06CV01376 (RJL)
                                            )
**COMMERCIAL SHUTTLE SERVICE, INC.,**       )
**JOHN GREENE TRANSPORTATION CO.,**         )
**PATTERSON FREIGHT SYSTEMS, INC.,**        )
**HOLLAR & GREENE PRODUCE CO., INC.,**      )
**and WINTERHAVEN TRANSPORTATION**          )
**SERVICES, INC.,**                         )
                                            )
       **Defendants.**               )
_____)

**LIBERTY MUTUAL INSURANCE COMPANY'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
<u>MOTION FOR ENTRY OF DEFAULT JUDGMENT</u>**

Plaintiff, Liberty Mutual Insurance Company (Liberty) submits this Memorandum of Points and Authorities in support of its Motion for Entry of Default Judgment against Defendant, Winterhaven Transportation Services, Inc. (Winterhaven).

**I.  Basis for Relief**

Liberty issued a Property Broker's Surety Bond (Bond) on behalf of defendant, Winterhaven Logistics Company ("Winterhaven"), as principal, pursuant to Section 211(c) of the Interstate Commerce Act.  As required by that statute, the Bond was issued on behalf of Winterhaven for the benefit of any and all motor carriers or shippers to whom Winterhaven may be legally liable for the damages described in the Bond.

Liberty subsequently received multiple adverse claims against the Bond. The total amount of the claims received by Liberty exceeded the penal sum of the Bond, and Liberty was unable to determine the respective interests of the claimants in the proceeds of the Bond. Accordingly, Liberty filed the above-captioned action seeking, *inter alia*, relief in statutory interpleader under 28 U.S.C. § 1335, and subsequently deposited the Bond proceeds in the amount of $10,000.00 with the Court Registry.

In partial consideration for the Bond, Winterhaven agreed to indemnify and hold harmless Liberty from all claims, damages, losses, costs and expenses, including counsel fees, incurred by Liberty as a result of the issuance of the Bond. *Unsworn Declaration of Jeannette Giesen* (Giesen), 2; *Unsworn Declaration of Eric R. Stanco*, Exhibit A, 2.

Defendant, Winterhaven was validly served with a Summons and the Complaint on May 6, 2002. Winterhaven subsequently failed to appear to defend or otherwise respond to the Complaint, as required by the Rules. Accordingly, pursuant to Fed. R. Civ. P. 55 (a), the default of defendant, Winterhaven was entered by the Clerk on July 30, 2002.

As a result of the claims against the Bond, Liberty has suffered losses totaling $4,620.00, the amount of the payment from the Bond to John Greene Transportation Co., and Liberty has incurred attorney's fees and costs in this action totaling $1,699.91. *Giesen*, 2.

### III. Conclusion

For the foregoing reasons, this Court should enter an Order of Judgment against Winterhaven and in favor of Liberty, awarding Liberty the sum of $6,319.91.

Respectfully submitted,

LIBERTY MUTUAL INSURANCE COMPANY,
By its attorneys:

_____

Eric R. Stanco
(D.C. Bar No. 456896)
Stanco & Associates
126 C Street, N.W.
Washington, D.C. 20001
(202) 331-8822
(202) 331-9705 (facsimile)

Dated: May 12, 2007.