# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LIBERTY MUTUAL INSURANCE CO.,** ) | |
| ) | |
| **Plaintiff** ) | |
| **v.** ) | **Civil Action No. 1:06CV01376 (RJL)** |
| ) | |
| **COMMERCIAL SHUTTLE SERVICE, INC.,** ) | |
| **JOHN GREENE TRANSPORTATION CO.,** ) | |
| **PATTERSON FREIGHT SYSTEMS, INC.,** ) | |
| **HOLLAR & GREENE PRODUCE CO., INC.,** ) | |
| **and WINTERHAVEN TRANSPORTATION** ) | |
| **SERVICES, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## UNSWORN DECLARATION OF JEANNETTE GEISEN

Jeannette Giesen, pursuant to 28 U.S.C. § 1746, declares as follows:

1.      I am making this Unsworn Declaration in support of Plaintiff, Liberty Mutual

Surety's (Liberty) Motion for Entry of Default Judgment against Winterhaven Transportation

Services, Inc. (Winterhaven).

2.      At all times material, I have been employed by Liberty Bond Services, 450

Plymouth Meeting Road, Plymouth Meeting, Pennsylvania 19462.

3.      Pursuant to my employment, I handled the various claims against the Property

Broker's Surety Bond (Bond) issued by Liberty on behalf of Winterhaven, and I have overseen

the efforts of Liberty's attorneys in this case.

4.      Accordingly, I make this Unsworn Declaration based upon facts known personally

by me and upon such records and other documents which would be admissible as evidence at

trial and as to which I am competent to testify. As for those statements contained herein which are based upon information and belief, I believe them to be true.

    5.    Attached hereto as Exhibit "A" is a true and correct copy of the "Surety Application and Indemnity Agreement" submitted by Winterhaven in connection with its request for bonding by Liberty.

    6.    By the terms of that document, Winterhaven promised to "indemnify [Liberty] from and against" all claims, losses, costs and expenses "which [Liberty] may incur in connection with" the Bond, "including in any proceeding for the enforcement of this" Indemnity Agreement. *Exhibit A, 2.*

    7.    To date, Liberty has paid or incurred attorneys' fees, costs and expenses totaling $1,699.91 in the handling of the above-captioned interpleader case, including Liberty's related claims for enforcement of Winterhaven's indemnity obligations in this matter.

    I declare under the penalties of perjury this ___9th___ day of May, 2007, that the foregoing is true and correct to the best of my knowledge and belief.

*Jeannette Giesin*



**Liberty Bond Services.**
Member of Liberty Mutual Group

JUN 02 2003

018-005-737

## Surety Application and Indemnity Agreement

Liberty Mutual Insurance Company

☒ Individual   ☐ Partnership

Applicant's Full Name (If partnership, give names of partners, trade name) _Winterhaven Transportation Services, Inc._  S.S. #
Tax ID or S.S.# _56-22 10428_

Business Address, in full _2515 Winterfield Dr. Hartonia NC 28056_   Corporation ___ LLC ___

Residence Address ___

Have you or any partners been bankrupt or insolvent? Yes (No) If yes, explain ___

Occupation _Truck Broker_   Years in business _new / 17 years experi_

Any lawsuits, judgments, or liens against applicant? Yes (No) If yes, explain ___

Type of bond required _Property Broker Surety_   Bond Amount _$10,000._
Obligee's full name, address. _FMCSA ; Ste 0. 400 Virginia Ave Ste 600, Washin_

Has application for this bond been declined by another Surety? Yes (No) If yes, state reason ___

Prior Surety ___ (No) If yes, give name and reason for change ___

### License/Permit Bond

Net Worth ___   General liability insurance carried? Yes   No Limits and company ___
Property damage insurance carried? Yes   No Limits and company ___

### Probate Bond

Legal name of deceased/ward ___   Date of death ___
Date of appointment ___   Court and docket number ___
Will any business of the estate be continued by fiduciary?   Yes  (Attach a copy of court order)   No
Is applicant indebted to the estate or trust?   Yes   No
Assets of estate or trust (describe) ___
Name and age of   Minor   Incompetent ___
Applicant relationship to   Deceased   Ward(s) ___   Applicant's Net Worth ___
Are guardianship funds to be used for support of minor(s)?   Yes   No
(If yes, provide copy of court order authorizing monthly expenditures)
Name and address of attorney ___
Is this bond required on the demand of an interested person?   Yes   No If yes, whom? ___
Will the attorney remain involved throughout the duration of the estate?   Yes   No
List the heirs of the estate along with their relationship and percentage (%) share: ___

### Lost Securities Bond (Attach transfer agent's replacement procedures)

Type of security and registration number ___   Date of instrument ___
Payable to applicant only?   Yes   No   If no, to whom is it payable? ___
Are securities endorsed?   Yes   No   If yes, how? ___
Has notice of loss been given?   Yes   No   When, to whom ___
Describe manner of loss ___
If registered, in whose name ___
If a check, has payment been stopped?   Yes   No   If so, when? ___
If deed of trust or note, has either been involved in a lawsuit?   Yes   No   Was a judgment obtained?   Yes   No

Agency Name _First United Insurance Group_   Code: _018058_
Agency Address _319 E. 3rd Ave, Hartonia NC 28053_
Agent's Recommendation _I recommend - with Susan Jordan & Appro_

Court Bond and Receiver/Trustee Bond

Explain purpose of bond (Submit copy of relevant documents) _____

Name and address of attorney _____

If an injunction or restraining order bond, does applicant anticipate foreclosure or collection action against him?   Yes   No

Name and address of bankrupt (debtor) _____

Nature of debtor's business _____ Court and docket number _____

## Indemnity Agreement

The undersigned (hereinafter called "Indemnitor") represents that all statements made in this Application are true and made without reservation to induce Liberty Mutual Insurance Company and any other company that is part of or added to the Liberty Mutual Group, severally not jointly, and/or for which surety business is underwritten by Liberty Bond Services (hereinafter called "Surety") to execute the requested Bond and any continuation or successor Bond (hereinafter called "Bond") upon its release of all liability under Bond; (3) To exonerate and indemnify Surety from and against all claims, losses, liability, damages of any type (including punitive), costs, fees, expenses, suits, orders, judgments, or adjudications whatsoever which Surety may incur in connection with Bond, any investigation on account of Bond, the defense or prosecution of any proceeding brought in connection with Bond or with any judicial proceeding referred to in this Application, enforcement of the agreements contained herein, and/or procurement of release from or cancellation of Bond; (4) That Surety shall have the right, at its sole discretion, to pay, adjust, settle or compromise any claim, suit or judgment upon Bond or in connection with any judicial proceeding referred to in this Application, and the voucher or other evidence of such payment, settlement or compromise, whether Surety was liable therefore or not, shall be prima facie evidence of the fact and extent of Indemnitor's liability; (5) To place Surety in funds immediately upon demand, the amount Surety deems necessary to protect itself from any liability, loss or expense, whether or not Surety has made payment or posted a reserve, Surety having the right to use all or part of these funds in payment or settlement of any liability, loss or expense for which Surety is obligated hereunder, or in reimbursement to Surety for payment of same; (6) That Indemnitor hereby authorizes Surety to investigate statements made in this Application and to check credit with creditors and/or lending institutions, and further authorizes any present or former employer, or any other person, firm or corporation, to furnish information concerning Indemnitor in connection with the Surety's underwriting of Bond and Indemnitor's compliance with Bond and with obligations hereunder, and Indemnitor hereby releases any of the aforementioned from liability in consequence of furnishing or disclosing such information; (7) That separate suits may be brought to recover hereunder as causes of action shall accrue and the bringing of suit or recovery of judgment upon any cause of action shall not prejudice or bar the bringing of other suits upon other causes of action, whether heretofore or thereafter arising; (8) That it is expressly agreed by Indemnitor that any and all other rights which Surety may have or acquire against Indemnitor under other or additional agreements of indemnity or collateral shall be in addition to, and not in lieu of, the rights afforded Surety under this Agreement; (9) That if Surety executes Bond with cosurety or reinsures all or any part of Bond, all the terms of this Agreement shall apply and operate for the benefit of such cosurety and reinsurer, as their interests may appear; (10) That these covenants shall be jointly and severally binding upon Indemnitor, its respective heirs, executors, administrators, successors and assigns; (11) That Surety shall have the right to decline to issue or to cancel Bond at any time, free of claim for loss or damage by Indemnitor, and Surety shall be under no obligation to disclose its reasons therefore, the provisions of any law to the contrary being hereby waived; (12) That if Bond covers the replacement of lost securities, if said securities come under Indemnitor's control or possession, Indemnitor will, at its own cost, promptly deliver said securities to Surety; (13) That if Bond relates to assets of any estate, Indemnitor will provide full and free access to all records concerning the estate, and upon Surety's request, provide a written report of the condition of the estate.

Signed and dated this _16th_ day of _May_, 20_03_

Signatures:

**Individual/Sole Proprietorship**

Name: _____

By: _____

Witness _____

_____, Individual and Proprietor

**Partnership:**

Name: _____

By: _____

Witness _____

_____, Individually and as Partner

By: _____

Witness _____

_____, Individually and as Partner

**Corporation:**

Name: _____

By: _____

Attest: _____ Secretary

_____, President

**Individual and Supporting Indemnitor(s) sign here:**   Witness' signatures:

| _____ | _____ |
| SS# | SS# |
| _____ | _____ |
| SS# | SS# |
| _____ | _____ |
| SS# | SS# |
| _____ | _____ |
| SS# | SS# |