UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                      )
**LIBERTY MUTUAL INSURANCE CO.,**      )
                                      )
             **Plaintiff**             )
                                      )
v.                                    )   Civil Action No. 1:06CV01376 (RJL)
                                      )
**COMMERCIAL SHUTTLE SERVICE, INC.,**  )
**JOHN GREENE TRANSPORTATION CO.,**    )
**PATTERSON FREIGHT SYSTEMS, INC.,**   )
**HOLLAR & GREENE PRODUCE CO., INC.,** )
**and WINTERHAVEN TRANSPORTATION**     )
**SERVICES, INC.,**                    )
                                      )
             **Defendants.**           )
_____)

## JOINT STATUS REPORT

Plaintiff in Interpleader, Liberty Mutual Insurance Company ("Liberty"), and Defendant in Interpleader, John Greene Transportation Company (Greene),[1] being the only the parties who have appeared in this action, pursuant to the Court's Order dated June 29, 2007, submit this Joint Status Report.

1.   Liberty issued a Property Broker's Bond (Bond) on behalf of defendant, Winterhaven Transportation Services, Inc. (Winterhaven), as principal, pursuant to Section 211(c) of the Interstate Commerce Act.

---

[1] By agreement of the parties, Liberty has prepared and is submitting this Joint Status Report on behalf of both parties. Liberty's attorney had promised Greene's counsel that he would file the Joint Status Report with the Court on or before the deadline set in the Court's Order. However, through no fault of Greene or its counsel, Liberty's attorney inadvertently failed to file this Report within the time provided in the Court's Order and the late filing is solely the responsibility of the undersigned attorney for Liberty.

2. Liberty subsequently received multiple adverse claims against the Bond, which claims involved damages to motor carriers or shippers allegedly caused by Winterhaven while acting as a licensed Broker of Transportation within the period covered by the Bond.

3. The total amount of the claims received by Liberty exceeded the penal sum of the Bond, Liberty was unable to determine the respective interests of the claimants, and accordingly, Liberty filed the above-captioned statutory interpleader action under 28 U.S.C. § 1335.

4. Liberty deposited the Bond proceeds in the amount of $10,000.00 with the Court Registry.

5. Defendant, Greene answered and counsel appeared on its behalf in the action. The remaining defendants, Commercial Shuttle Service, Inc. (Commercial), Patterson Freight Systems, Inc. (Patterson), Hollar & Greene Produce Co., Inc. (H&G), and the Bond principal, Winterhaven, did not answer or otherwise respond to the action, and the Clerk entered the defaults of those defendants upon the docket.

6. On May 18, 2007, the Court granted Liberty's and Greene's Agreed Motion for Judgment seeking *inter alia* distribution of the proceeds of the Bond and exoneration of Liberty.

7. The parties are awaiting distribution by the Court Registry of the Bond proceeds.

8. By separate Motion, Liberty also requested entry of default judgment in its favor against Winterhaven.

9. The Court has not yet acted on that latter motion.

10. Upon distribution of the Bond proceeds, and, if the Court enters the default judgment sought by Liberty against Winterhaven, the parties anticipate that the Court will then close the case.

Respectfully submitted,

LIBERTY MUTUAL INSURANCE COMPANY,
By its attorneys:

_____
Eric R. Stanco
(D.C. Bar No. 456896)
Stanco & Associates
126 C Street, N.W.
Washington, D.C. 20001
(202) 331-8822
(202) 331-9705 (facsimile)


JOHN GREENE TRANSPORTATION COMPANY,
By its attorneys:

_____
John T. Husk, Esquire
(D.C. Bar No. 434714)
Seaton & Husk, L.P.
2240 Gallows Road
Vienna, VA  22182
(703) 573-0700
(703) 573-9786 (facsimile)